COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-165-CV

 

 

ETHELDRIA CAREY                                                              APPELLANT

 

                                                   V.

 

FIRST CLASS AMERICAN                                                        APPELLEE

CREDIT UNION

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one
issue, Appellant Etheldria Carey, pro se, challenges the trial court=s grant
of summary judgment in favor of Appellee First Class American Credit Union (AFCACU@).  We will affirm.








FCACU
sued Carey to recover a credit card indebtedness in the amount of $3,101.59
plus interest.  Carey answered the suit
and generally denied FCACU=s allegations.  FCACU later filed a traditional motion for
summary judgment on its debt claim, arguing that it was entitled to judgment as
a matter of law in the amount of $4,933.93 ($3,101.59 plus interest in the
amount of $1,832.34).  Presumably in
response to FCACU=s motion for summary judgment,
Carey filed her ADefendant=s
Original Answer.@ 
This response includes only the following:

COMES NOW the defendant(s) in the above-styled
case, who enters a general denial pursuant to Texas Rule of Civil Procedure 92,
denying the allegations set forth in the plaintiff=s petition and denying
plaintiff=s claim.

 

Wherefore, premise considered, defendant prays
that the plaintiff take nothing in this case; and the defendant go hence
without day and cost of said suit be taxed against plaintiff.

 

The trial court granted FCACU=s motion
for summary judgment and signed a judgment awarding FCACU $4,933.93 plus
attorneys= fees in the amount of $1,500.













In her
sole issue, Carey argues that the trial court erred by granting FCACU=s motion
for summary judgment because (1) the account referenced in FCACU=s
original petition is a Visa account, but the exhibit attached to the petition
references a MasterCard account, and (2) FCACU filed a 1099‑C
Cancellation of Debt notice with the Internal Revenue Service on December 19,
2005, which made the debt unenforceable. 
Carey did not raise these arguments in her response to FCACU=s motion
for summary judgment as issues expressly precluding the summary judgment.  Because Carey did not assert these arguments
in her response to FCACU=s motion for summary judgment,
she may not raise them for the first time on appeal as reasons to reverse the
summary judgment.  See Tex. R.
Civ. P. 166a(c) (providing that issues not expressly presented to the trial
court by written motion, answer, or response shall not be considered on
appeal as grounds for reversal); Tex. R. App. P. 33.1(a)(1) (requiring that as
a prerequisite for presenting a complaint for appellate review, record must
show that the complaint was made to trial court by timely request, objection,
or motion); McConnell v. Southside ISD, 858 S.W.2d 337, 341 (Tex. 1993);
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex.
1979); Pinnacle Anesthesia Consultants, P.A. v. Fisher, No.
05-07-01042-CV, 2009 WL 1801032, at *9, *10, *11 (Tex. App.CDallas
June 25, 2009, no pet.) (reasoning that arguments not made in response to
motion for summary judgment cannot be raised on appeal as reasons to reverse
summary judgment); Priddy v. Rawson, 282 S.W.3d 588, 597 (Tex. App.CHouston
[14th Dist.] 2009, pet. denied) (reasoning that argument not expressly
presented to the trial court in response to motion for summary judgment was
waived).  To the extent her ADefendant=s
Original Answer@ was not filed as a response to
FCACU=s motion
for summary judgment, Carey does not argue that FCACU=s
evidence is insufficient as a matter of law to support the summary
judgment.  See City of Houston,
589 S.W.2d at 678 (reasoning that while the nonmovant need not file an answer
or response to the motion for summary judgment, on appeal the nonmovant may
only contend that the movant=s
evidence supporting the motion was insufficient as a matter of law or that the
grounds in the motion do not dispose of all the claims in the case).  Accordingly, we overrule Carey=s only
issue and affirm the trial court=s
judgment.

 

 

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and MEIER, JJ.

 

DELIVERED:  February 4, 2010











[1]See Tex. R. App. P. 47.4.